IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ADAM TYRONE DAVIS, # 211952, :

    Plaintiff, :

vs. : CIVIL ACTION 19-01126-KD-B

CYNTHIA STEWART, *et al.*, :

    Defendants. :

## REPORT AND RECOMMENDATION

Plaintiff Adam Tyrone Davis, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that Defendants Officers Zachary Hard, Tracy Craft, Hasheem Bennett, and Kevin Pickett be dismissed without prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for Davis's failure to state a claim upon which relief may be granted and that Davis be granted leave to amend his claims against these Defendants for the sole purpose of affording him an opportunity to attempt to state a plausible claim against them based on the incident giving rise to this lawsuit.

**I. Complaint and Proceedings. (Docs. 1, 6).**

Presently, this action is before the undersigned for Davis's screening of the complaint (Doc. 1) and amended complaint (Doc. 6) pursuant to 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) authorizes the dismissal of an action or claim if it is determined to be "frivolous or malicious; fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i-iii).

Davis initiated this action by filing his first complaint, and then, he filed an amended complaint naming the same Defendants, and containing facts that are substantially similar to those in his original complaint. Given that Davis's original complaint conveys more information, the undersigned is considering his complaint and amended complaint together for the purposes of this report and recommendation (consolidated complaints). But see Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (an amended complaint replaces the original complaint with matters in the original complaint being considered abandoned).

Davis alleges that he was stabbed by inmate Arnold Frank on August 31, 2019, near 1:30 a.m., as a result of a dispute between

them. (Doc. 1 at 4). Inmates broke up the assault, and Davis was taken for treatment of six stab wounds, first to the healthcare unit and then to a free-world hospital. He remained at the free-world hospital for about five days or a week before being sent back to the health care unit, where he stayed for about two weeks. (Id.; Doc. 6 at 4, PageID.29). Davis contends that on the night of August 30, 2019, no security was present inside D-Dorm at Holman Correctional Center (Holman) except to conduct headcounts, and if security had been at this post, this incident would have been prevented. (Doc. 1 at 4, PageID.4). Davis has named ten Defendants, namely wardens, supervisors, and officers as being responsible for the attack and injuries he sustained.[1]

In reviewing Davis's claims, the undersigned that finds that he has not stated a claim against Defendants Officers Zachary Hard, Tracy Craft, Hasheem Bennett, and Kevin Pickett. (Id. at 9, PageID.9). According to Davis, Defendant Officer Curtis Thompkins was assigned in the rover position on D-Dorm on the night of August 30, 2019, and after conducting a headcount, he left his post and did not return until another headcount was due. (Id. at 7, PageID.7; cf. Doc. 6 at 14, omitting a reference to rover position

---

[1] Davis named as Defendants: Warden III Cynthia Stewart, Warden II Terry Raybon, Warden I Phillip Mitchell, Lieutenants Sandra Dailey and Michael Banks, and Officers Curtis Thompkins, Zachary Hard, Tracy Craft, Hasheem Bennett, and Kevin Pickett.

and post). The dorm was thus without security when Defendant Thompkins left, and if he had been on his post, his presence "would [have] eliminated the altercation." (Id.). Davis alleges that between 6 p.m., on August 30, 2019, and 2:45 a.m., on August 31, 2019, Defendants Hard, Craft, Bennett, and Pickett, who were on the night shift with Defendant Thompkins, had only been inside in D-Dorm to count and that the presence of one of them when the assault occurred would have prevented the assault. (Id. at 9-10, PageID.9-10; see Doc. 6 at 12, 16, 22, 24). Davis requests $50,000.00 for his mental and emotional injuries, and pain and suffering,. (Id. at 12; Doc. 6 at 7).

**II. Analysis.**

Section 1983 requires a plaintiff to causally connect a defendant's actions, omissions, customs, or policies to a deprivation of his constitutional or federal rights in order to state a § 1983 claim. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.), cert. denied, 464 U.S. 932 (1983). That is, Davis must provide specific facts showing how each Defendant violated his constitutional or federal rights in his complaint.

Not only must Davis allege a causal connection against each Defendant, he must plead a claim against each Defendant that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544,

4

557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). This plausibility standard requires that the factual allegations nudge a claim from the conceivable to the plausible, thereby raising the "right to relief above the speculative level[.]" Id. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir.), cert. denied, 568 U.S. 1088 (2013). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 557, 127 S.Ct. at 1966. A complaint "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," though detailed factual allegations are not required. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010) (citation and internal quotations marks omitted).

Davis's claims based on the inmate's assault arise under the Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments." U.S. CONST., amend. VIII. The Eighth Amendment is violated by "[a] prison official's 'deliberate

5

indifference' to a substantial risk of serious harm to an inmate." Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Specifically, the allowance of "the gratuitous[] . . . beating . . . of one prisoner by another serves no legitimate penological objectiv[e][.]" Id. at 833, 114 S.Ct. at 1977 (second brackets in original and citation and quotation marks omitted). "[H]owever, [not] every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834, 114 S. Ct. at 1977.

A prisoner's injury at the hands of other inmate is reviewed under the Eighth Amendment, which requires that two elements be met in order to state a claim. Id. The first element requires that the deprivation be objectively sufficiently serious, that is, when the harm, such as an inmate assault, was not able to be prevented, it must be shown that "conditions pos[ed] a substantial risk of serious harm." Id. The second element of an Eighth Amendment claim, a subjective element, requires that the prison official's "state of mind [be] one of 'deliberate indifference' to inmate health or safety." Id. (citations omitted).

The necessary state of mind to show deliberate indifference lies "somewhere the between the poles of negligence at one end and purpose or knowledge at the other, [which courts] have routinely

6

equated . . . with [criminal] recklessness." Id. at 836, 114 S. Ct. at 1978. This state of mind is incorporated into the standard for showing deliberate indifference, which provides that a prison official cannot be held liable under the Eighth Amendment unless "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. "But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. at 838, 114 S. Ct. at 1979.

A review of Davis's allegations against Defendants Zachary Hard, Tracy Craft, Hasheem Bennett, and Kevin Pickett discloses that they worked as officers on the nightshift at Holman on August 30, 2018 from 6 p.m., until August 31, 2018, at 2:45 a.m. Davis does not allege that any of these officers were assigned to D-Dorm at the time of the stabbing, only that Defendant Thompkins was assigned as D-Dorm's rover. (Doc. 1 at 7, PageID.7). He also does not allege that Defendants Hard, Craft, Bennett, and Pickett had any routine responsibilities for D-Dorm at the time of the stabbing. (Id. at 6, 9, 10. 6, 9, 10; Doc. 6 at 6, 12, 22, 24, PageID. 37, 41, 47, 49). Moreover, there is nothing suggesting

7

that any of these Defendants were aware that no officer was present in the Dorm D or that no officer was observing the dorm. In other words, there is nothing to suggest that the four officers knew of an excessive risk to inmates' safety in D-Dorm and that they disregarded the risk. See Farmer, 511 U.S. at 837, 114 S. Ct. at 1979. In the absence of information demonstrating this component of the deliberate indifference element, Davis has failed to state an Eighth Amendment claim against Defendants Hard, Craft, Bennett, and Pickett.

**III. Conclusion**.

Based upon the foregoing reasons, it is recommended that Defendants Officers Zachary Hard, Tracy Craft, Hasheem Bennett, and Kevin Pickett be dismissed without prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for Davis's failure to state a claim upon against them upon which relief may be granted. It is further recommended that Davis be granted leave to amend his claims against these Defendants for the sole purpose of affording him an opportunity to attempt to state a plausible claim against them based on the incident giving rise to this lawsuit.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **30th** day of **July, 2020.**

/s/ **SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
