```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

ADAM TYRONE DAVIS, # 211952,    *
                                *
    Plaintiff,                  *
                                *
vs.                             *  CIVIL ACTION NO. 19-01126-KD-B
                                *
CYNTHIA STEWART, et al.,        *
                                *
    Defendants.                 *
```

**REPORT AND RECOMMENDATION**

Plaintiff Adam Tyrone Davis, an Alabama prison inmate proceeding *pro se*, initiated this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). This action is presently before the Court on Davis's "Motion for Orders". (Doc. 15). This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

In Davis's "Motion for Orders", he asks the Court to grant him "plenary[1] access to the prison library, Westlaw, [and] litigation essentials" including "clerical supplies, notarization, and photocopying services and adequate postage to prosecute this civil complaint[.]" (Id. at 1). In the alternative, Davis

---

[1] The Court notes that the definition of *plenary* is "complete in every respect: absolute, unqualified." See https://www.merriam-webster.com/dictionary/plenary. Accordingly, it appears that Davis requests absolute and unqualified access to the prison library, Westlaw, and other litigation supplies.

requests that the Court appoint counsel for him in this case. (Id.).

The Court will first address Davis's request for unlimited access to the prison library, Westlaw, and other "litigation essentials." Because Davis is seeking what essentially amounts to injunctive relief, the undersigned is treating his motion as a request for preliminary injunctive relief. Upon review of Davis's motion, the Court concludes that the motion is due to be **DENIED**.

I.   **PRELIMINARY INJUNCTION**

   **A. Standard of Review.**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). To be entitled to a preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur if the relief is not granted; (3) the threatened injury to the movant outweighs the potential damage the requested injunctive relief may cause the non-moving party; and (4) the injunction, if issued, would not be adverse to the public interest. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). An "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." Id. (citation and internal quotation marks omitted).

**B. Discussion.**

Insofar as Davis's motion implies a denial of his ability to access the courts by prison officials, the undersigned observes that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). However, prisoners do not have "an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Id. (quoting Bounds, 430 U.S. at 825). The relevant question is whether prisoners are provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds, 430 U.S. at 425. Providing a law library is only one way to comply with this obligation. See Lewis, 518 U.S. at 352 (explaining that an inmate's right of access to courts can be fulfilled in different ways, such as access to law libraries, a system of court-provided forms, or minimal access to legal advice).

Importantly, in order to challenge the denial of access to counsel or legal materials, a party must have an "actual injury" deriving from the alleged lack of access; "that is, actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Id. at 348 (citation and internal quotation marks omitted).  This essential standing requirement means that prison officials' actions that allegedly violated an inmate's right of access to the courts must have impeded or frustrated the inmate's pursuit of a nonfrivolous post-conviction or civil rights legal claim.  Bass v. Singletary, 143 F.3d 1442, 1446 (11th Cir. 1998).  "Therefore, in an access-to-courts claim, 'a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic.'"  Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (citation omitted).  Rather, a plaintiff must demonstrate that inadequate access to counsel or legal materials "hindered his 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'"  Id. (citation omitted).

Furthermore, in Lewis, the Court disclaimed the idea "that the State must enable the prisoner . . . to *litigate effectively* once in court."  Lewis, 518 U.S. at 354 (emphasis in original).  The Lewis Court also admonished that federal courts should allow

4

prison officials to determine how best to ensure that inmates are provided a reasonably adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts. See id. at 356.

In his motion, Davis requests "plenary" access to the prison law library, Westlaw, and other supplies to aid in his litigation. (Doc. 15 at 1).  Davis makes no assertion that he has been denied access to these litigation tools or that such a denial inhibited his efforts to pursue his legal claims.  Davis has not specified what he needs from the law library or Westlaw and, since this case presents a frequently-encountered fact pattern (a stabbing at an Alabama state prison due to a lack of security) and relatively straightforward legal issues, the undersigned can discern no concrete need for expanded access to the law library or legal research materials.  Further, there is absolutely no indication from the case record that Davis has been inhibited in the preparation and timely filing of legal documents. On the contrary, Davis appears to be a prolific filer.  For example, he has already filed three motions requesting appointment of counsel in this case. (See Docs. 5, 7, 15).  The instant motion also reflects that he is receiving the aid of an inmate paralegal.  (See Doc. 15 at 1). Simply put, there is nothing in the record to suggest that Davis has been impeded in his efforts to pursue his nonfrivolous legal

5

claims.  Therefore, Davis has failed to show that he has suffered an actual injury to his right of access to the courts.

Moreover, "[t]he Constitution does not guarantee a prisoner unlimited access to the law library.  Prison officials of necessity must regulate the time, manner and place in which library facilities and legal assistant programs are used."  Bellard v. McNeil, 2009 WL 1149144, at *3 (S.D. Fla. Apr. 29, 2009); see also Garced v. Prummell, 2015 U.S. Dist. LEXIS 155941, at *5, 2015 WL 7272684, at *2 (M.D. Fla. Nov. 18, 2015) ("Reasonable access does not mean unlimited access, and prison officials may place reasonable restrictions on inmates' use of facility law libraries."); Bure v. Metro Dade Corr., 2011 U.S. Dist. LEXIS 6871, at *3, 2011 WL 281029, at *1 (S.D. Fla. Jan. 20, 2011) (noting that "unlimited, unfettered access to the law library . . . is not a guaranteed constitutional right"), report and recommendation adopted, 2011 U.S. Dist. LEXIS 6821, 2011 WL 283240 (S.D. Fla. Jan. 25, 2011); Walker v. Mintzes, 771 F.2d 920, 931 (6th Cir. 1985) (stating that the Constitution does not mandate "any specific amount of library time which prisoners must be provided; rather, access need only be reasonable and adequate"); Lloyd v. Marshall, 2008 WL 4571547, at *2 (M.D. Ala. Oct. 14, 2008) ("[T]ime in the law library is not a requisite element of access to the court[.]").  Delaying or restricting inmates' access to legal materials or legal assistance is permissible because of security or other penological

concerns. Lewis, 518 U.S. at 362; see also Bellard, 2009 WL 1149144, at *3 ("Access to law libraries and legal assistance from other inmates may be restricted of necessity by common prison occurrences such as placement in close management confinement, administrative segregation, disciplinary confinement and/or a mental health treatment unit."); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987) ("[P]rison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution.").

Similarly, although a prison must provide indigent inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them," Bounds, 430 U.S. at 824-25, an incarcerated plaintiff is not entitled to unlimited access to these materials. See Van Poyck v. Singletary, 106 F.3d 1558, 1559 (11th Cir. 1997) (right of access to courts does not entitle inmates to unlimited legal materials); Procup v. Strickland, 760 F.2d 1107, 1114 n.9 (11th Cir. 1985) ("The supply of writing materials and postage for mailing pleadings to the courts is not unlimited."); Poores v. Dunn, 2020 U.S. Dist. LEXIS 107312, at *3, 2020 WL 3304072, at *2 (M.D. Ala. June 18, 2020) ("[E]ven though he is indigent, the plaintiff is not entitled to unlimited postage for the purpose of filing legal documents."); Johnson v. Albright, 2009 WL 4067220, at *12 (M.D. Ala. Nov. 20,

7

2009) ("[T]he plaintiff is not entitled to free copies or unlimited stationary during her incarceration.").

Turning now to the first prerequisite for issuance of preliminary injunctive relief, the Court finds, based on the foregoing facts and authorities, that Davis has failed to demonstrate a substantial likelihood of success on the merits of his claims.  Next, Davis fails to establish a substantial threat that he will suffer an irreparable injury if the requested relief is not issued; indeed, he fails to allege any injury or potential injury whatsoever.  The third factor, which balances potential harm to the parties, weighs heavily against issuing the requested relief, since granting Davis the requested relief would unduly thrust the Court into the realm of prison administration and adversely impact prison officials' ability to exercise their professional judgment in the administration of procedures for allowing all inmates necessary access to the law library and legal materials.  See Bullock v. Strickland, 2016 U.S. Dist. LEXIS 166724, at *9, 2016 WL 7383337, at *3 (M.D. Ala. Nov. 30, 2016) ("The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants, as issuance of the injunction would adversely impact the ability of correctional officials to provide all inmates necessary access to the law library/legal materials in a manner they deemed most efficient and beneficial."), report and recommendation adopted, 2016 U.S. Dist.

8

LEXIS 175480, 2016 WL 7378998 (M.D. Ala. Dec. 20, 2016); Letourneau v. Aul, 2015 U.S. Dist. LEXIS 117823, at *9, 2015 WL 5167854, at *4 (D.R.I. Sept. 3, 2015) ("At bottom, Plaintiff asks the Court to order ACI prison officials to change the way they conduct business with no factual evidence they have impeded his access to the Court. On this record, there is no basis to intrude on the inner workings of the ACI, a subject area that requires strong deference by this Court."). The fourth, public interest, element is a neutral factor at this stage, at best. Therefore, Davis has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief, and his requests for "plenary" access to the prison law library and the other legal tools and materials listed in the motion are due to be **denied.**

## II. APPOINTMENT OF COUNSEL

With regard to Davis's alternative request for appointment of counsel, a district court has broad discretionary authority under 28 U.S.C. § 1915(e)(1) to appoint counsel for an indigent plaintiff in a civil case. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating that the district court has "broad discretion" in deciding whether to appoint counsel for an indigent plaintiff under 28 U.S.C. § 1915(e)(1)).

As a civil litigant, Davis has no absolute statutory or constitutional right to counsel. See Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010) (per curiam); Bass, 170 F.3d at 1320 ("A plaintiff in a civil case has no constitutional right to counsel."). Appointment of counsel "is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citations omitted).

As this Court has already stated (see Doc. 8), Davis has failed to show that the instant case, where he complains of being stabbed by another inmate at Holman Correctional Facility as a result of no officers being present to supervise his dormitory and alleges "lack of security" (see Doc. 1 at 4-11), presents exceptional circumstances that would require the appointment of counsel. Davis, like most other litigants, undoubtedly would be aided by the assistance of counsel, but this case is not so unusual or complex that the appointment of counsel appears necessary at this juncture. Accordingly, Davis's request for appointment of counsel is due to be **denied** at this time, subject to future reconsideration if the circumstances of the case change.

### III. CONCLUSION

Based on the foregoing, Davis has failed to establish a *prima facie* case for preliminary injunctive relief. Accordingly, it is

**RECOMMENDED** that Davis's motion requesting preliminary injunctive relief or, alternatively, appointment of counsel (Doc. 15) be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

11

determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **7th** day of **August, 2020.**

                                        **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**