```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
           SOUTHERN DIVISION
```

ADAM TYRONE DAVIS, # 211952,  \*
                                      \*
    Plaintiff,                    \*
                                      \*
vs.                                 \* CIVIL ACTION NO. 19-01126-KD-B
                                      \*
CYNTHIA STEWART, *et al.*,    \*
                                      \*
    Defendants.                 \*

## REPORT AND RECOMMENDATION

This action is before the Court on the United States Marshals Service's unexecuted return of service as to Defendant Hasheem Bennett (Doc. 90). For the reasons set forth below, the undersigned recommends that the Court dismiss Plaintiff Adam Tyrone Davis's claims against Defendant Bennett without prejudice for lack of service of process.

### I. BACKGROUND

In this action, Davis, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, seeks relief under 42 U.S.C. § 1983. In his first amended complaint, filed in May 2020, Davis listed the address for Defendant Hasheem Bennett as "Holman 3700, Atmore, AL 36503", which is the address for Holman Correctional Facility. (Doc. 6 at 12). Davis's second amended complaint, filed in November 2020, noted that Defendant Bennett was a correctional officer for the Alabama Department of Corrections who was assigned

to Holman Correctional Facility on August 30/31, 2019.  (Doc. 41 at 3).

On April 15, 2021, pursuant to the Court's order (Doc. 55), the Clerk sent a notice of lawsuit and request for waiver of service and summons to Defendant Bennett at the Holman Correctional Facility address listed on Davis's complaint.  (Doc. 56).  The service documents were subsequently returned as undeliverable, with a note stating that Defendant Bennett was no longer employed by the Alabama Department of Corrections.  (Doc. 57).

On May 17, 2021, the undersigned ordered counsel for the other correctional officer Defendants in this case to file Defendant Bennett's last known address with the Court under seal.  (Doc. 61).  Counsel filed Defendant Bennett's last known address under seal on June 8, 2021.  (Doc. 68).  The next day, pursuant to the Court's order (Doc. 69), the Clerk sent a notice of lawsuit and request for waiver of service and summons to Defendant Bennett at the address provided by defense counsel.  (Doc. 70).  However, the waiver of service for Defendant Bennett was not returned to the Court.

On October 22, 2021, the Court provided the United States Marshals Service with Defendant Bennett's last known address and directed the Marshals Service to personally serve Defendant Bennett and to notify the Clerk's Office of the status of its service attempts no later than November 22, 2021.  (Doc. 88).  In

the same order, the Court directed the Clerk to again send the waiver and service documents to Defendant Bennett at his last known address so that he could take the necessary steps to avoid the costs associated with service by the Marshals Service. (Id.). Defendant Bennett did not return the waiver that was mailed by the Clerk, nor were the documents returned to the Court. And, on October 28, 2021, the Marshals Service returned the summons unexecuted and stated: "Mr. Bennett no longer resides at address provided." (Doc. 90).

At the Court's direction, the Clerk contacted the Marshals Service and requested additional assistance in locating Mr. Bennett. Per the Marshals Service, they have been unable to locate a current address for Defendant Bennett.

## II. DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Courts assist inmate plaintiffs proceeding *in forma pauperis* in effecting service on defendants. See 28 U.S.C. § 1915(d);

3

Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) ("*[I]n forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part."). "[A]s long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010).

Here, the Court and the Marshals Service have exhausted all avenues available for identifying and locating Defendant Bennett on behalf of Plaintiff Davis. More than ninety days have passed since the complaint was filed, and Defendant Bennett has not been served with the complaint. Davis has not been able to provide a current address for Defendant Bennett, and reasonable efforts by the Court and the Marshals Service to serve Defendant Bennett have yielded no success. Therefore, Defendant Bennett is due to be dismissed without prejudice for lack of service of process pursuant to Rule 4(m). See, e.g., Anderson v. Sealey, 2019 U.S. Dist. LEXIS 100696, at *15, 2019 WL 2511202, at *6 (N.D. Ala. May 23, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 100803, 2019 WL 2502006 (N.D. Ala. June 17, 2019).

4

**III. CONCLUSION**

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff Davis's claims against Defendant Bennett be **DISMISSED without prejudice** for lack of service of process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made,

state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **18th** day of **April, 2022.**

                                           **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**